UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

――――――――――――――――――――――――――

In re                                   :        Chapter 7
                                        :
JUDITH COHEN ROBERTS,                   :        Case No. 16-12238 (MEW)
                                        :
          Debtor.                       :
                                        :
――――――――――――――――――――――――――

### DECISION HOLDING THAT DISPUTED ATTORNEYS'
### FEE OBLITGATION IS A DISPUTED CONSUMER DEBT

Debtor Judith Cohen Roberts is indebted to W7879 LLC and other parties (the "Movants") in the amount of $112,754.71 by reason of a judgment for unpaid rent that was entered in favor of the Movants in the New York state court. Ms. Roberts has appealed from that judgment. The Movants also have filed, in the state court, a motion for reimbursement of attorneys' fees and expenses in the amount of $267,187.60. The state court has not ruled on that motion, and Ms. Roberts disputes the attorneys' fee claim as well as the underlying judgment.

The potential attorneys' fees obligation is larger than all of Ms. Robert's other debts combined. The parties agree that if the disputed attorneys' fee claim is a "consumer debt" then Ms. Roberts' right to pursue her chapter 7 case may be subject to the "means tests" set forth in Section 707(b)(2) of the Bankruptcy Code. However, the parties disagree as to whether the attorneys' fee claim is a "consumer debt." Ms. Roberts took the position in her filing papers that the attorneys' fee obligation is not a "consumer debt" and therefore that no "means test" filings were required.

The Movants have filed a motion to dismiss the chapter 7 case; alternatively, they seek authorization to conduct wide-ranging discovery under Rule 2004 regarding Ms. Roberts' past and present financial condition and resources. They also sought an extension of the statutory

deadline to object to a discharge, and that portion of the requested relief has been granted by the Court in a separate Order.

## Discussion

Section 707(b)(1) of the Bankruptcy Code provides that a court may dismiss the chapter 7 case of an individual debtor "whose debts are primarily consumer debts" (or, alternatively, with the debtor's consent, convert the case to chapter 11 or 13) if it finds that the granting of chapter 7 relief would be an abuse of the provisions of chapter 7. In order to make this determination, section 707(b)(2) sets forth guidelines for mathematical calculations to compare a debtor's financial resources to the debtor's pre-petition debts. The section further provides that "the court shall presume abuse" in certain circumstances. However, that presumption of abuse can be rebutted by a showing of special circumstances. 11 U.S.C. § 707(b)(2)(B).

Consumer debts are defined as debts "incurred by an individual primarily for a personal, family or household purpose." 11 U.S.C. § 101(8). This definition was derived from that used in several consumer protection laws. *In re Booth*, 858 F.2d 1051, 1054 (5th Cir.1988) (citing H.Rep. No. 95–595, 95th Cong. 1st Sess. (1977); S.Rep. No. 95–989 2nd Sess. 22 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5808. H.R.Rep. No. 95–595 (1977)). Courts have not always found it easy to determine if an obligation qualifies as a "consumer debt." *See, e.g., In re Ajunwa*, No. 11-11363, 2012 WL 3820638 at *8 & n.9 (Bankr. S.D.N.Y., September 4, 2012) (collecting cases).

The Movants have cited two instances in which courts have held that a debtor's obligation to pay attorneys who represented the debtor in personal matters are themselves "personal" obligations that qualify as consumer debts. *See Patti v. Ehrich (In re Patti)*, 304

2

B.R. 182, 188 (E.D. PA 2003); *In re Woerner*, 1989 WL 23763, at *2 (Bankr. E.D. Pa. 1989). However, in each of those cases that courts noted that the debtor had voluntarily engaged counsel and that counsel acted to protect the debtor's own personal interests. The legal fees sought by the Movants are of a different character. Ms. Roberts did not hire the Movants' attorneys, and she did not direct or control their services. Furthermore, the attorneys served the interests of the landlord (not Ms. Roberts), and the landlord's interests were opposed to Ms. Roberts' interests.

The Court has found only one decision that considered the issue of whether a debtor's obligation to pay an opponent's legal fees is a "consumer debt." *See In re Kelly*, 841 F.2d 908, 913 (9th Cir.1988). In that case, the Court of Appeals for the Ninth Circuit held that the underlying litigation had been commenced by the debtor for a personal reason, and that any obligation that arose as a result of that litigation therefore constituted a personal (consumer) debt. *Id*. at 913. I am not convinced, however, that this analysis is sufficient. In other contexts, courts have made clear that debts are not consumer debts merely because they were incurred in the course of, or as the result of, an activity that was voluntary and that had a personal objective. *See, e.g., In re White*, 49 B.R. 869, 872 (Bankr.W.D.N.C. 1985) (holding that a tort liability incurred while driving a car was not a "consumer debt" even though the debtor was driving the car voluntarily and for a personal purpose). The *White* court concluded that for a liability to be a consumer debt, it "must have been acquired first and foremost to achieve a personal aim or objective;" since the "personal aim" of the driver was to get to a destination (not to inflict an injury), no "consumer debt" had been incurred. *Id.* Here, by analogy, Ms. Roberts argues that her "personal aim" in filing litigation against her landlord was to obtain a ruling that the landlord had previously overcharged her. She argues that it may have been foreseeable that the former

3

landlord would incur legal fees for which she might become liable, but it was certainly not her personal objective or aim to lose the action and in the process incur a potentially ruinous liability to pay her opponent's legal fees.

The Court believes that the better approach is to consider the legal basis on which the attorneys' fees are being claimed. The underlying lease has not been provided to the Court, but the Movants have contended that the lease itself provides that the landlord is entitled to reimbursement of its attorneys' fees and expenses in the event that the landlord prevailed in any litigation relating to the obligations under the lease. Counsel to Ms. Roberts did not dispute that characterization. If the lease did include such a provision, then the execution of the lease created a contingent obligation on Ms. Roberts' part to pay her opponent's fees in the event she were to commence (and lose) a litigation relating to the lease. That contingent obligation was voluntarily incurred in connection with the execution of the lease. Furthermore, that contingent obligation (and all other obligations imposed under the lease) were incurred for a personal purpose: namely, to obtain the right to live in the apartment that was the subject of the lease.

Accordingly, the contingent obligation to pay fees was voluntarily incurred for a personal purpose, and the contingency was fulfilled when the debtor (again for a personal purpose) filed an ultimately unsuccessful lawsuit against the Movants with respect to her obligations under the lease. The Court will leave to another day, and perhaps to another court, the question of whether an attorneys' fee obligation that is imposed on a different basis (for example, pursuant to a statute or pursuant to a court rule such as Rule 11 of the Federal Rules of Civil Procedure) should similarly be treated as being sufficiently "voluntary" and "personal" as to make it a "consumer debt." In this particular case, the Court concludes that the disputed obligation was

incurred for personal purposes and was triggered by activity that furthered a personal purpose, and therefore constitutes a disputed "consumer debt."

The Movants argue that the case should be dismissed immediately because Ms. Roberts filed to submit information regarding the application of the means test. It would be improper to do so. Ms. Roberts made a good faith argument, and dismissal of her chapter 7 case would be a draconian and improper result. The Court concludes that Ms. Roberts should be afforded an opportunity to file the appropriate forms and will direct that she do so on or before December 13, 2016. In addition, the Court will hold a conference on December 15, 2016 at 10:00 a.m. to discuss the nature of any questions about the information that has been filed and to schedule any further proceedings that might be needed, including with respect to the Movants' separate arguments that the debtor allegedly commenced the chapter 7 case in "bad faith."

The Movants have also asked for permission to take discovery as to the debtor's past and present financial condition and resources. This application is denied, without prejudice. It would be premature to authorize wide-ranging discovery before the debtor has even filed the forms that are contemplated and before the Court can consider the scope of any financial issues that are actually and legitimately in dispute.

A separate order this effect will be entered this same day.

Dated: New York, New York
    December 2, 2016

                                           s/Michael E. Wiles
                                           UNITED STATES BANKRUPTCY JUDGE